EGBERT H. DUDLEY et al., Respondents, v. EVELINA B. PERKINS et al., as Executors of GEORGE W. PERKINS, Deceased, Appellants.

**Contract — principal and agent — action upon written contract — proof that plaintiffs had failed to comply with conditions — no recovery unless substantial performance or modification of conditions is shown — proof of authority of special agent to modify contract between his principal and third parties.**

1. Where it appears, in an action upon a written contract, that plaintiffs had failed to comply with its conditions and there is no evidence that the defect was so slight as to justify a finding of substantial performance, a recovery must fail unless it is shown that the conditions of the contract were modified thereafter.

2. The authority of a special agent to modify a contract between his principal and third parties must be proved, not by his own acts or representations, but by the acts or representations of the principal.

*Dudley* v. *Perkins*, 218 App. Div. 809, reversed.

(Argued May 1, 1928; decided May 29, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 3, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

*Herbert A. Heminway* for appellants. It was error to submit to the jury the question as to whether McGrath had authority to make agreements with the Dudleys that he was not instructed to make by Mr. Perkins. (*Farmers Fund, Inc.,* v. *Tooker,* 207 App. Div. 37; *Wells* v. *Chaffee,* 207 App. Div. 467; *City of Syracuse* v. *Standard Accident Co.,* 210 App. Div. 165; *The Carbo Villano,* 14 Fed. Rep. 978; *Norton* v. *Albers Bros. Milling Co.,* 226 Pac. Rep. 809; *Rhode* v. *Gallay,* 70 Fla. 536; *Ferran* v.

*Boston Elev. Ry.*, 249 Mass. 212; *Bowles* v. *Rice*, 107 Va. 53; *Met. Aluminum Mfg. Co.* v. *Lau*, 61 Misc. Rep. 105.)

*James O. Sebring* for respondents.

*Per Curiam.* The plaintiffs failed to supply potatoes corresponding in size or grade to those called for by the conditions of their written contract with George W. Perkins, the defendants' testator. There is no evidence for the plaintiffs that the defects were so few or slight as to justify a finding in their favor of substantial performance. To sustain their recovery they must show that the conditions of the contract were modified thereafter.

The modification relied upon is one that is said to have been permitted by one McGrath, acting or professing to act as Mr. Perkins' representative. We held, when the case was here on an earlier appeal (*Dudley* v. *Perkins*, 235 N. Y. 448), that McGrath was at most a special and not a general agent, and that his authority to modify must be proved, not by his own acts or representations, but by the acts or representations of his putative principal. He had been employed to oversee the performance of a particular contract, not to modify its terms. A new trial has been had, and the case for the plaintiffs is no stronger than before. If anything, it is weaker, for the agent has been permitted to state the instructions of his principal. Neither by act nor by word did Mr. Perkins invest his assistant with authority to change the contract or release its obligations. The cause of action, therefore, fails.

On the authority of *Dudley* v. *Perkins* (235 N. Y. 448), the judgment of the Appellate Division and that of the Trial Term should be reversed, and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.